USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/1/2024__

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

October 31, 2024

Gregory A. Mersol
Direct dial: 216-861-7935
gmersol@bakerlaw.com

**VIA ECF AND EMAIL:**
**TORRES_NYSDCHAMBERS@NYSD.USCOURTS.GOV**

Justin A. Guilfoyle
direct dial: 212.589.4607
jguilfoyle@bakerlaw.com

The Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> Re:   *Joseph Rodek v. Matrix Absence Management, et al.*
>        Case No.: 1:24-cv-03423 (AT)

Dear Judge Torres:

Pursuant to the Court's Individual Practices, Section IV(A), defendants, Matrix Absence Management, Inc. ("Matrix") and Federal Reserve Bank of New York (the "Bank") (i/s/h/a "Office of Employee Benefits of the Federal Reserve System") (collectively, "defendants"), hereby file this letter to request the Court's approval to file the Administrative Record ("AR") under seal.

This is an action for benefits under a long-term disability plan (the "Plan") for eligible employees of the Federal Reserve Banks and the Board of Governors. While the Plan may not be governed strictly by ERISA, the Plan models long-term disability plans under ERISA. Accordingly, there is an administrative record containing all relevant documents related to plaintiff's claim for long-term disability benefits under the Plan, a claims procedure, administrative process, and Plan standard of review.

While there is a presumption of public access to judicial documents, "court documents may be sealed if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Braxton v. City of New York*, 2021 WL 7287625, at *6 (S.D.N.Y. Dec. 7, 2021) (quoting *Dunham v. City of New York*, No. 11-CV-01223, 2021 WL 918373, at *1, n.1 (S.D.N.Y. Mar. 10, 2021)). "Courts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information." *Braxton*, at *6 (quoting *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-CV-0476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021); *see also*

*Paravas v. Tran*, No. 21-CV-807, 2022 WL 741590, at *1 (S.D.N.Y. Mar. 11, 2022) (noting plaintiff's medical records were "properly under seal").

The 2,391-page AR contains the entirety of plaintiff Joseph Rodek's documents related to his claim for long-term disability benefits. The AR contains sensitive and confidential information. Specifically, the AR includes all of the medical records Rodek provided as well as the clinical information that he submitted in support of his appeal to Matrix. In addition, the AR frequently references plaintiff's personal identifiers, such as his date of birth and social security number, in his medical records. The AR also contains communications between him, his counsel, and Matrix. Finally, Matrix's detailed denial letters, which specify exactly how it reached its determination and the medical documentation that it relied upon, are also in the AR.

Accordingly, defendants respectfully request the Court's permission to maintain the AR under seal to protect the privacy interests of plaintiff. Defendants filed the AR contemporaneously with this request.

Counsel for defendants conferred with plaintiff's counsel on October 22, 2024, regarding this request. Plaintiff's counsel does not oppose this request.

GRANTED. The Court concludes that Defendants have met their burden to demonstrate that the interests in filing the administrative record, ECF No. 28, under seal outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

SO ORDERED.

Dated: November 1, 2024
New York, New York

ANALISA TORRES
United States District Judge